UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.
INDIAN HARBOR INSURANCE COMPANY
as subrogee of B & G FOODS, INC.

                Plaintiffs,                     **COMPLAINT**

  -against-

SARANT INTERNATIONAL COMMODITIES,
INC. and VITESSE FOOD INGREDIENTS INC.

                Defendant.
------------------------------------------------------------X

      Plaintiff Indian Harbor Insurance Company as subrogee of B & G Foods, Inc. ("B&G") by and through its attorneys, Rosner Nocera & Ragone, LLP, as and for its Complaint against defendants Sarant International Commodities, Inc. ('Sarant") and Vitesse Food Ingredients, Inc. ("Vitesse") alleges upon information and belief as follows:

## INTRODUCTION

    1.    This is an action against a food distributor for negligence, carelessness, and recklessness in its distribution of spices that contained prohibited allergens and subjected final consumers to an unreasonable risk of harm which resulted in a recall of packaged food product from retailers.

## PARTIES

2. At all times hereinafter mentioned, plaintiff Indian Harbor Insurance Company ("Indian Harbor") was incorporated in the State of North Dakota, re-domesticated to Delaware, and maintains offices for the transaction of business at 70 Seaview Avenue, Stamford, Connecticut 06902.

3. At all times hereinafter mentioned, B&G was and still is a New Jersey corporation doing business as a manufacturer, distributor, and seller of food products maintaining offices for the transaction of business at 4 Gatehall Drive, Parsippany, New Jersey 07054.

4. At all times hereinafter mentioned, defendant Sarant was a New York corporation maintaining offices for the transaction of business at 20 Hallock Meadow Drive, Stony Brook, New York 11790.

5. At all times hereinafter mentioned, defendant Vitesse was a New York corporation maintaining offices for the transaction of business at 34 Robert Crescent, Stony Brook, New York 11790.

## JURISDICTION

6.  This Honorable Court has jurisdiction pursuant to 28 U.S. Code Section 1332 as the parties are completely diverse in citizenship and the amount in controversy between the parties exceeds $75,000.00 exclusive of interest and costs.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST SARANT

7.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "6", inclusive, of the Complaint with the same force and effect as if set forth herein at length.

8.  At all times hereinafter mentioned, defendant Sarant was an importer and wholesale distributor of *inter alia* spices.

9.  Sarant distributed garlic powder and ground cumin to B&G which was required to be free from allergens including but not limited to peanuts and almonds.

10. Sarant owed a duty of care to B&G to provide garlic powder and ground cumin to B&G free of allergens including but not limited to peanuts and almonds.

11. Sarant breached its duty of care by a) distributing garlic powder and ground cumin to B&G which Sarant knew or should have known, contained allergens including but not limited to peanuts and almonds, b) failing to distribute garlic powder and ground cumin to B&G that was free from allergens including but not limited to peanuts and almonds, c) failing to comply with applicable local, state, and federal

3

statutes, codes, regulations, and generally recognized safety practices and standards, d) failing to test and or inspect the garlic powder and ground cumin to determine whether or not it contained allergens including but not limited to peanuts and almonds, e) failing to meet the standard of care required by a reasonable distributer of garlic powder and ground cumin.

12. As a direct and proximate result of the negligent acts and/or omissions of Sarant, plaintiff's subrogor B&G sustained damages in excess of $5,000,000.00 plus appropriate interest thereon.

13. Pursuant to a policy of insurance then in force and effect, and prior to the commencement of this action, plaintiff Indian Harbor reimbursed B&G for the above loss, and thereby became subrogated, to the extent of its payment, to all of B&G's rights, remedies and causes of action as a result of the loss, including those against the defendants herein.

14. As a result of the foregoing, defendant Sarant is indebted to plaintiff in a sum in excess of $5,000,000 plus appropriate interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST SARANT

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "14", inclusive, of the Complaint with the same force and effect as if set forth herein at length.

16. Sarant marketed, distributed, supplied, and sold garlic powder and ground cumin to B&G in a defective condition.

17. As a result of Sarant's distribution of defective garlic powder and ground cumin, B&G incurred significant expense by having to recall food products from the shelves of numerous retailers.

18. B&G's recall of food products from the shelves of numerous retailers was caused by and resulted from the negligent, careless, reckless, and grossly negligent, acts and/or omissions of Sarant which is strictly liable by reason of a) distributing garlic powder and ground cumin to B&G which Sarant knew or should have known, contained allergens including but not limited to peanuts and almonds and subjected the consumers of B&G's food products to an unreasonable risk of harm, b) distributing, selling and/or supplying a defective product which Sarant knew or should have known would endanger the consumers of B&G's food products, and c) distributing a product that was not safe for its intended use.

19. As a direct and proximate result of the negligent acts and/or omissions of Sarant, plaintiff's subrogor B&G sustained damages in an aggregate amount in excess of $5,000,000 plus appropriate interest thereon.

20. Pursuant to a policy of insurance then in force and effect, and prior to the commencement of this action, plaintiff Indian Harbor reimbursed B&G for the above loss, and

thereby became subrogated, to the extent of its payment, to all of B&G's rights, remedies and causes of action as a result of the loss, including those against the defendants herein.

21. As a result of the foregoing, defendant Sarant is indebted to plaintiff in a sum in excess of $5,000,000 plus appropriate interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST VITESSE

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "21", inclusive, of the Complaint with the same force and effect as if set forth herein at length.

23. At all times hereinafter mentioned, defendant Vitesse was an importer and wholesale distributor of *inter alia* spices.

24. Vitesse distributed garlic powder and ground cumin to B&G which was required to be free from allergens including but not limited to peanuts and almonds.

25. Vitesse owed a duty of care to B&G to provide garlic powder and ground cumin to B&G free of allergens including but not limited to peanuts and almonds.

26. Vitesse breached its duty of care by a) distributing garlic powder and ground cumin to B&G which Vitesse knew or should have known, contained allergens including but not limited to peanuts and almonds, b) failing to distribute garlic powder and ground cumin to B&G that was free from allergens including but not limited to peanuts and almonds, c) failing to comply with applicable local, state, and federal statutes, codes, regulations, and generally recognized safety practices and standards, d) failing to test and or inspect the garlic powder and

ground cumin to determine whether or not it contained allergens including but not limited to peanuts and almonds, e) failing to meet the standard of care required by a reasonable distributer of garlic powder and ground cumin.

27. As a direct and proximate result of the negligent acts and/or omissions of Vitesse, plaintiff's subrogor B&G sustained damages in excess of $5,000,000.00 plus appropriate interest thereon.

28. Pursuant to a policy of insurance then in force and effect, and prior to the commencement of this action, plaintiff Indian Harbor reimbursed B&G for the above loss, and thereby became subrogated, to the extent of its payment, to all of B&G's rights, remedies and causes of action as a result of the loss, including those against the defendants herein.

29. As a result of the foregoing, defendant Vitesse is indebted to plaintiff in a sum in excess of $5,000,000 plus appropriate interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST VITESSE

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "29", inclusive, of the Complaint with the same force and effect as if set forth herein at length.

31. Vitesse marketed, distributed, supplied, and sold garlic powder and ground cumin to B&G in a defective condition.

32. As a result of Vitesse's distribution of defective garlic powder and ground cumin, B&G incurred significant expense by having to recall food products from the shelves of numerous retailers.

33. B&G's recall of food products from the shelves of numerous retailers was caused by and resulted from the negligent, careless, reckless, and grossly negligent, acts and/or omissions of Vitesse which is strictly liable by reason of a) distributing garlic powder and ground cumin to B&G which Vitesse knew or should have known, contained allergens including but not limited to peanuts and almonds and subjected the consumers of B&G's food products to an unreasonable risk of harm, b) distributing, selling and/or supplying a defective product which Vitesse knew or should have known would endanger the consumers of B&G's food products, and c) distributing a product that was not safe for its intended use.

34. As a direct and proximate result of the negligent acts and/or omissions of Vitesse, plaintiff's subrogor B&G sustained damages in an aggregate amount in excess of $5,000,000 plus appropriate interest thereon.

35. Pursuant to a policy of insurance then in force and effect, and prior to the commencement of this action, plaintiff Indian Harbor reimbursed B&G for the above loss, and thereby became subrogated, to the extent of its payment, to all of B&G's rights, remedies and causes of action as a result of the loss, including those against the defendants herein.

36. As a result of the foregoing, defendant Vitesse is indebted to plaintiff in a sum in excess of $5,000,000 plus appropriate interest thereon.

WHEREFORE, Indian Harbor Insurance Company as subrogee of B&G Foods, Inc. demands judgment against defendants Sarant International Commodities, Inc. and Vitesse Food Ingredients, Inc. for a sum in excess of $5,000,000 together with appropriate interest thereon, the costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
December 29, 2015

Yours, etc.

ROSNER NOCERA & RAGONE, LLP

By: _____
Eliot L. Greenberg
Attorneys for Plaintiff
61 Broadway, Suite 1900
New York, New York 10006
(212) 635-2244

eb:bg.complaint
12/15