**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
INDIAN HARBOR INSURANCE COMPANY,
as subrogee of B&G Foods, Inc.,

                                        Plaintiff,

              -against-                                          **MEMORANDUM**
                                                                **AND ORDER**

SARANT INTERNATIONAL COMMODITIES,                               CV 16-0025 (AKT)
INC., CELSAN ITHALAT IHRACAT VE
TICARET LIMITED SIRKETI, and
SHANDONG RICHFIELD FOODSTUFFS
INDUSTRY CO., LTD.,

                                        Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    **PRELIMINARY STATEMENT**

       Plaintiff, Indian Harbor Insurance Company ("Indian Harbor" or "Plaintiff"), as subrogee

of B&G Foods, Inc. ("B&G"), commenced this action against Defendants Sarant International

Commodities, Inc. ("Sarant"), Celsan Ithalat Ihracat Ve Ticaret Limited Sirketi ("Celsan"), and

Shandong Richfield Foodstuffs Industry Co., Ltd. ("Shandong") (collectively, "Defendants")

alleging claims based on strict liability for product defect and negligence.  *See generally*

Amended Complaint ("Am. Compl.") [DE 16].  Plaintiff alleges that Defendants manufactured,

distributed, and/or supplied spices to B&G which contained prohibited allergens, namely,

peanuts and almonds.  *Id*.

       Presently before the Court is Plaintiff's motion for leave to file a second amended

complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  *See* Plaintiff's

Memorandum of Law in Support of Motion to Amend ("Pl.'s Mem.") [DE 48]; Plaintiff's Reply

Memorandum of Law in Support of Motion to Amend ("Pl.'s Reply") [DE 50].  Specifically,

Plaintiff seeks to add claims for breach of express and implied warranties against the Defendants, in addition to a claim for breach of contract solely against Defendant Sarant. *Id.* Defendant Sarant opposes the motion on the grounds that the amendments are futile. *See* Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend ("Def.'s Opp'n") [DE 49].

For the reasons which follow, Plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff is directed to file its second amended complaint within 14 days of the entry of this Memorandum and Order.

## II.   RELEVANT BACKGROUND[1]

B&G, a New Jersey corporation, manufactures, distributes, and sells food products. Am. Compl. ¶ 3. Defendant Sarant, a New York corporation, imports and distributes wholesale spices. *Id.* ¶¶ 4, 9. Defendants Celsan and Shandong are foreign corporations which manufacture, supply, distribute, and import wholesale spices. *Id.* ¶¶ 5-6, 24-25, 39-40. According to Plaintiff, at some undefined point in time, Defendants manufactured, supplied, imported, and/or distributed defective garlic power and ground cumin to B&G which contained prohibited allergens, namely, peanuts and almonds. *Id.* ¶¶ 1, 12, 27, 32, 40, 47. Plaintiff alleges that Defendants owed B&G a duty of care to provide spices free of allergens. *Id.* ¶¶ 11, 26, 34, 42, 49. As a result of Defendants actions, B&G incurred expenses in excess of $5,000,000 to recall packaged food products, which presumably incorporated the defective spices, from numerous retailers. *Id.* ¶¶ 1, 13, 28, 35, 43, 48, 50. Pursuant to an insurance policy B&G obtained with Indian Harbor, B&G was reimbursed for the losses sustained from the recall. *Id.*

---

[1]    **Error! Main Document Only.**The Court's summary of the relevant facts is taken from the Amended Complaint, and for purposes of this motion only. The summary does not constitute findings of fact. Rather, the Court assumes these facts to be true for purposes of deciding the motion.

¶¶ 14, 29, 36, 44, 51.  According to Indian Harbor, it is "subrogated … to all of B&G's rights, remedies, and causes of action as a result of the loss, including those against the defendants."  *Id*.

On January 4, 2016, Plaintiff commenced this action against Defendants Sarant and Vitesse Food Ingredients, Inc. ("Vitesse") asserting claims for strict liability for product defects and negligence arising from damages sustained from the defective spices sold to B&G.  *See* Complaint ("Compl.") [DE 1].  On February 1, 2017, the original Complaint was dismissed against Defendant Vitesse by stipulation.  *See* DE 11-12.  The next day, Defendant Sarant filed a third-party complaint against Celsan and Shandong setting forth claims for negligence, contribution, and/or indemnification.  *See generally* Third-Party Complaint ("Third-Party Compl.") [DE 13].  Plaintiff and Defendant Sarant stipulated to the filing of an Amended Complaint on March 1, 2017.  *See* DE 17.  Although not expressly addressed in the stipulation, the parties proposed an amended caption which recognized Celsan and Shandong as defendants, but not third-party defendants, which implicitly withdrew the third-party complaint filed by Defendant Sarant.  *Id*.  That same day, Plaintiff filed an Amended Complaint adding Celsan and Shandong as defendants and asserting claims for strict liability and negligence against the added defendants.  *See generally* Am. Compl.

On April 14, 2017, Defendant Sarant filed an Answer with Cross-Claims against Defendants/Cross-Claimants Celsan and Shandong for contribution and/or indemnification.  *See* Answer with Cross-Claims ("Answer") [DE 22].  To date, service of the Amended Complaint and Answer with Cross-Claims does not appear to have been effectuated on the Defendants/Cross-Claimants Celsan and Shandong.

The parties consented to the jurisdiction of a United States Magistrate Judge for all purposes on June 23, 2017.  *See* DE 34.  Judge Brown was the assigned Magistrate Judge at that

time.  After the parties received several extensions of the deadlines to complete discovery and file dispositive motions, Judge Brown set the final deadline to complete discovery at July 1, 2018.  *See* May 24, 2018 Electronic Order.  At a status conference held on August 15, 2018, counsel reported that discovery was ongoing.  *See* August 15, 2018 Electronic Order.  The parties were directed to submit a status report by November 15, 2018.  *Id*.  On that date, the parties advised that discovery had been completed and they requested a settlement conference. *See* DE 40.  Judge Brown held a settlement conference on July 3, 2019 which was then continued to October 7, 2019.  *See* July 3, 2019 Electronic Order; October 7, 2019 Electronic Order.

When the parties were unable to settle the action during the October 7, 2019 continued conference, Judge Brown inquired whether any additional discovery was needed or if the parties were prepared to set a briefing schedule for dispositive motions.  After a dispute arose among Plaintiff's counsel and Defendant Sarant's counsel as to whether the Amended Complaint sufficiently pleaded a breach of contract claim, Plaintiff's counsel requested leave to file a second amended complaint to include such a claim.  Defendant Sarant's counsel thereafter informed Judge Brown that additional discovery may be needed if Plaintiff's anticipated motion to amend were granted.  Judge Brown advised all counsel to be prepared to file a briefing schedule for any anticipated summary judgment motions shortly after the motion was resolved. A briefing schedule was then set in place for Plaintiff's motion for leave to file a second amended complaint.  *See* July 3, 2019 Electronic Order.

The instant motion was filed on December 16, 2019.  *See* Pl.'s Mem.; Def.'s Opp'n; Pl.'s Reply.  Plaintiff attached a proposed second amended complaint ("SAC") to the motion which seeks to add claims for breach of express and implied warranties against the Defendants, in

addition to a claim for breach of contract solely against Defendant Sarant.  *See* Proposed Second Amended Complaint ("SAC") [DE 48-3].  On January 17, 2020, the case was reassigned to this Court for all purposes.

## III.  LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2); *see Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  Whether to grant leave to amend is a decision squarely within the district court's discretion.  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 540 (2010) ("[Rule 15(a)] gives a district court discretion to decide whether to grant a motion to amend a pleading before trial."); *see also Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) ("District courts 'have broad discretion in determining whether to grant leave to amend.'") (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)).  A court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P.  15(a)(2); *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)).  "Amendments are generally favored because they tend to facilitate a proper decision on the merits."  *Rodriguez v. Ridge Pizza Inc.,* No. 16-CV-0254, 2018 WL 1335358, at *3-4 (E.D.N.Y. Mar. 15, 2018) (quoting *MHANY Mgmt. v. Cty. of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012)); *see also Johnson v. Landmark Hosp. LLC*, No. 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (quoting *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)).

A court should deny leave to amend only if there is "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [nonmoving party,] ... [or] futility." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-201 (2d Cir. 2007). The party opposing the amendment bears the burden of demonstrating good reason to deny the motion. *Speedfit, LLC v. Woodway USA, Inc.*, No. 13-CV-1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015); *see also Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 255–56 (S.D.N.Y. 2018) ("[Parties] opposing a motion to amend ... bear[ ] the burden of establishing that an amendment would be futile." ) (quoting *Bonsey v. Kates*, No. 13-CV-2708, 2013 WL 4494678, at *8 (S.D.N.Y. Aug. 21, 2013); *Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings-Fowler v. Suffolk Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

Here, the proposed amendment is opposed solely on the grounds that it would be futile. In assessing futility, courts must analyze "whether a proposed pleading would be able to withstand a dispositive pretrial motion." *Themis Capital, LLC v. Democratic Republic of Congo*, No. 09-CV-1652, 2013 WL 1687198, at *6 (S.D.N.Y. Apr. 18, 2013) (citing *Parker*, 204 F.3d at 339); *Touchtunes Music Corp. v. Rowe Int'l Corp.,* 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012)). "A proposed amendment would be futile when it would not survive a 12(b)(6) motion to dismiss." *Sodhi v. Mercedes Benz Fin. Servs., USA, LLC*, 957 F. Supp. 2d 252, 255 (E.D.N.Y.

6

2013); *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) ("The Court ... reviews proposed amendments for futility pursuant to Rule 12(b)."). Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

When a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-CV-1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation omitted). In deciding whether an amended pleading asserts colorable claims, a court "is required to accept the material facts alleged in the amended [pleading] as true and draw reasonable inferences in the [movant's] favor." *Alkhatib v. New York Motor Group, LLC*, No. 13-CV-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) (quoting *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014)); *see also Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("In assessing whether the proposed [amended] complaint states a claim, [courts] consider the proposed amendments along with the remainder of the complaint ... accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief."). "A court is not required to make a final determination on the merits of a proposed claim or defense, but instead, must only "satisfy itself that [the claim or defense] is colorable and not frivolous.'" *Rodriguez,* 2018 WL 1335358, at *3-4 (quoting *UMG Recordings, Inc. v. Lindor*, No. 05-CV-1095, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006)). Therefore, the moving party "is not required to 'establish a probability it would prevail on the merits in order for the court to grant its motion to amend ... [i]nstead ... [movant] is merely

7

required to assert proposed amendments which are not frivolous on their face.'" *UMG*, 2006 WL 3335048, at *2 (quoting *T & N PLC*, at *2).

By comparison, Rule 16(b) provides that where a court has adopted a discovery scheduling order, that order may only "be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotation marks omitted) (citing Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)). Thus, "[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting FED. R. CIV. P. 15 and 16)); *see also Parker*, 204 F.3d at 340; *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012). With these principles in mind, the Court turns to the merits of the motion.

## IV.   DISCUSSION

### A.   Preliminary Issues

*First*, despite the advanced stage of this action, the Court notes that neither party contends the instant motion is subject to the more demanding "good cause" standard under Rule 16(b). Having reviewed the record, the Court has not identified any scheduling order expressly setting a deadline by which the parties had to amend their pleadings in this action. Moreover, when the instant motion was filed, the parties appeared to be operating without a formal discovery deadline. Implicit in Judge Brown's inquiry regarding the parties' need to

conduct additional discovery at the October 7, 2019 settlement conference is the sense that discovery was ongoing at the time.  Given the absence of a scheduling order providing for a date to amend the pleadings or the passing of any formal discovery deadline, along with the fact that both parties' submissions solely reference Rule 15(a), the Court will apply the more lenient standard under Rule 15(a) in resolving the instant motion.

*Second*, although a proposed SAC is attached to the instant motion, Plaintiff included *here* in the instant motion the bulk of the factual details supporting the claims to be added, rather than including them in the proposed SAC.  Plaintiff's motion also attaches documentary evidence on which the added claims are based, including an email exchange between B&G -- Plaintiff's subrogor -- and Defendant Sarant.  *See* QA Email and Form, Ex. D to Mot. to Amend [48-4].  In that exchange, Defendant Sarant provided B&G with its subcontractor Celsan's "QA Form and Questionnaire."  *Id*.  The "QA Form and Questionnaire" provided responses to questions regarding, among other things, the ingredients used to manufacture the spices and the allergen control program in place by the subcontractor.  *Id*.  "[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion."  *Giugliano v. F3 Capital Partners, LLC,* No. 14-CV-7240, 2015 WL 5124796 (E.D.N.Y. Sept. 1, 2015) (citation and quotation marks omitted).  In adjudicating a motion to dismiss, the Court must limit itself to facts alleged in the complaint, which are accepted as true; to documents attached to the complaint as exhibits or incorporated in the complaint by reference; to matters of which judicial notice may be taken; or to documents whose terms and effect are relied upon heavily in the complaint and, thus, are rendered "integral" to the complaint.  *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 152–53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F. 3d 191, 198 (2d Cir. 2014).  To the

9

extent necessary, the Court will consider the documentary evidence attached to the instant motion and proposed SAC and which appears to be integral to the proposed SAC.  *See E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc*., 307 F. Supp. 3d 52, 58 (E.D.N.Y. 2018) (considering the exhibits attached to the attorney declaration filed in support of motion for leave to amend the complaint); *Rozenzweig v. ClaimFox, Inc*., 251 F. Supp. 3d 449, 456 (E.D.N.Y. 2017) ("[A]s it appears that the Plaintiff incorporated several exhibits in her memorandum of law, the Court will also consider the exhibits as additional facts proposed by the Plaintiff.").

### B.    Proposed Amendments

"Under New York law, to state a claim of breach of contract, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages."  *Wallert v. Atlan*, 141 F. Supp. 3d 258, 286 (S.D.N.Y. 2015) (internal quotation marks and citations omitted); *see also Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996) (holding same).  A complaint alleging a breach of contract must "identify, in non-conclusory fashion, the specific terms of the contract that a defendant has breached."  *Wallert*, 141 F. Supp. 3d at 286.  "While these elements need not be separately pleaded, failure to allege them will result in dismissal.  Courts have generally recognized that relatively simple allegations will suffice to plead a breach of contract claim even post-*Twombly* and *Iqbal*."  *Speedfit LLC v. Woodway USA, Inc.*, 53 F. Supp. 3d 561, 578 (E.D.N.Y. 2014) (internal quotation marks and citations omitted).

The proposed SAC alleges that "pursuant to agreement, Sarant agreed to furnish ground cumin and other spices to B&G from allergens including but not limited to peanuts and tree nuts," that "Sarant breached its contractual obligations owed to B&G by, among other things …

supplying ground cumin or other spices to B&G that contained allergens," and that as "a direct and proximate result of [Sarant's] breach of contractual obligations to B&G, plainitff's subrogor B&G sustained damages."  SAC ¶¶ 10-12.

Moreover, to state a claim for breach of express warranty, a plaintiff must allege: "(1) the existence of material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach."  *Cordova v. Smith & Nephew, Inc.*, No. 14-CV-351, 2014 WL 3749421, at *7 (E.D.N.Y. July 30, 2014) (citation omitted).  A breach of implied warranty requires a plaintiff to show "that the product was not reasonably fit for its intended purpose."  *Bertini v. Smith & Nephew, Inc.,* 8 F. Supp. 3d 246, 259 (E.D.N.Y. Mar. 17, 2014) (citation omitted).  "The implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection."  *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013) (quoting *Saratoga Spa & Bath, Inc. v. Beeche Systems Corp*., 656 N.Y.S.2d 787, 789 (App. Div. 1997).

The proposed SAC alleges that "Sarant … expressly warranted to B&G that its ground cumin and other spice products were a) unadulterated and/o otherwise free of prohibited peanuts and tree nuts; b) manufactured in a facility that was free of prohibited peanuts and tree nuts; c) in compliance with applicable local, state, and federal statutes …; d) tested or inspected to determine whether or not said spices contained allergens including but not limited to peanuts and tree nuts; and e) have met the appropriate standard of care required by a reasonable distributor," that "B&G relied on Sarant's express warranties to B&G," that these warranties were breached, and as "a direct and proximate result of its breach of contractual obligations to B&G, plaintiff's

11

subrogor B&G sustained damages." SAC ¶¶ 22-25.  The proposed SAC further alleges that "Sarant breached its implied warranty to B&G that its products, including ground cumin and or other spices were fit for its intended purposes," the "ground cumin and or other spices provided by Sarant were defective and unfit for their intended purpose," and that as "a direct and proximate result of its breach of contractual obligations to B&G, plaintiff's subrogor B&G sustained damages." *Id*. ¶¶ 29-32.

The Court finds that the allegations in the proposed SAC sufficiently state claims for breach of contract and breach of express and implied warranties.  Defendant Sarant does not dispute the sufficiency of the allegations but rather contends that the amendments are futile because a contract never existed between the parties and any warranties that may exist were made by Celsan and not Sarant.  *See* Def.'s Opp'n at 1-2.  Pointing to the "QA Form and Questionnaire," Defendant Sarant contends that the form was filled out and signed by Celsan's representative and that Plaintiff "has not shown any documents at all whereby … ***Sarant warranted*** that the ground cumin seeds supplied by Celsan were free of allergens such as tree nuts and peanuts." *Id*. at 2 (emphasis added).

As discussed above, the Court's inquiry into the futility of a proposed amendment is similar to an inquiry on a motion to dismiss pursuant to Rule 12(b)(6).  *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).  "At the motion to dismiss stage, a district court may dismiss a breach of contract claim only if the terms of the contract are unambiguous." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004) (noting that "if a contract is ambiguous ..., a court has insufficient data to dismiss a complaint for failure to state a claim")).  "Whether or not a writing is ambiguous is a

question of law to be resolved by the courts." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (internal quotation marks and citations omitted).  A contract is ambiguous under New York law "if its terms could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co., N.A.*, 773 F.3d 110, 114 (2d Cir. 2014) (internal quotation marks and citation omitted).  A contract is unambiguous, however, if "the contract language has a definite and precise meaning … and concerning which there is no reasonable basis for a difference of opinion." *Id.* (quoting *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010)).  The ambiguity of a provision is analyzed under the "normal rules of contract interpretation: 'words and phrases should be given their plain meaning' and a 'contract should be construed so as to give full meaning and effect to all of its provisions.'"  *Orlander*, 802 F.3d at 295 (quoting *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003)).

Here, whether a contract between B&G and the Defendant Sarant existed by virtue of their email exchange regarding the "QA Form and Questionnaire" depends on the language of the email exchange and "QA Form and Questionnaire."  B&G's email correspondence to Defendant Sarant stated:  "We are again in the process of updating our ingredient specs.  We did not receive any information from you last year concerning the ingredients from your Company. We need this information for each ingredient ASAP.  The forms are attached."  QA Email and Form, Ex. D to Mot. to Amend at 1.  Defendant Sarant responded:  "I have been awaiting for your overseas suppliers to complete the relevant forms.  As you will notice, as importers and distributers, we have alternative suppliers for some of the raw materials that we supply you

13

with." *Id*. Attached to Defendant Sarant's email response was a completed "QA Form and Questionnaire" which lists "Celsan Ltd. Sti" as "Vendor Name" and contains representations regarding the ingredient's specifications and vendor's allergen control program. *Id*. at 4. Whether Defendant Sarant agreed to or warranted that it would supply B&G with spices which conformed with those representations or that it would ensure its vendor adhered to its own representations by virtue of Defendant Sarant's email response to B&G is unclear based on the language of the email exchange. Because of the ambiguity of the email exchange, it would not be appropriate to dismiss the claims for breach of contract and express and implied warranties at this stage. Therefore, it would similarly be inappropriate to preclude the proposed amendment based on futility.

Moreover, Defendant Sarant's reliance on *Assured Guaranteed Municipal Corp v. DB Structured Products, Inc.*, 33 Misc.3d 720, 927 N.Y.S.2d 880 (Sup. Ct., NY Cty., 2011) to argue that it cannot be held liable for Celsan's warranties because it did not make any express warranties itself is misplaced. In *Assured Guaranteed,* the defendant made an express warranty to the plaintiff which was "coextensive" with a warranty given by a third-party defendant to the direct defendant. *Assured Guaranteed,* 33 Misc. 3d at 736, 927 N.Y.S.2d at 892. The issue before the court was not whether the plaintiff could maintain its claims for breach of contract and express warranties against the direct defendant, but rather whether the defendant was permitted to indemnify the third-party defendant through a third-party complaint for the claims asserted by the plaintiff against the defendant. *Id*. That is not the issue before this Court at this time.

Accepting the Plaintiff's allegations in the proposed SAC as true, and drawing all reasonable inferences in Plaintiff's favor, as it must, the Court finds that the Plaintiff has satisfied the liberal pleading standard under Rule 15(a) and has adequately pleaded claims for

breach of contract and breach of express and implied warranties.  As such, the Court finds that the proposed changes to the Amended Complaint are not futile.

There was delay in seeking the amendments proposed here.  However, "[m]ere delay … absent showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  Defendant Sarant has not made any showing that it would suffer undue prejudice if Plaintiff were permitted to filed the proposed SAC.  *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'").  While the parties advised Judge Brown that additional discovery would be required as a result of the amendment, "the fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Id*. (citing *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, No. 13-CV-0275, 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014)).

For these reasons, the Court finds that Plaintiff's proposed amendments are neither futile nor would they cause prejudice to Defendant Sarant.  Therefore, leave to amend under Rule 15(a) is permitted.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is GRANTED.  Plaintiff is directed to file its Second Amended Complaint within fourteen (14) days of entry of this Order.  Further, any party seeking to conduct additional discovery related to the amended claims

is directed to file a letter within fourteen (14) days of this Order stating the specific discovery sought to be conducted and the proposed time frame for such discovery to be concluded.

**SO ORDERED.**

Dated: Central Islip, New York
        January 15, 2021

                                    /s/ A. Kathleen Tomlinson
                                    A. KATHLEEN TOMLINSON
                                    United States Magistrate Judge

16